```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
               Criminal No. 04-31 (DSD/SRN)
```

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | GOVERNMENT'S MEMORANDUM |
| ) | OF LAW REGARDING THE |
| v. ) | PRELIMINARY ORDER OF |
| ) | FORFEITURE |
| DONALD LEONARD KEYS ) | |
| ) | |
| Defendant. ) | |

The United States of America, by and through its attorneys Thomas B. Heffelfinger, United States Attorney for the District of Minnesota, and Tracy Thompson Braun, and James Alexander, Assistant United States Attorneys, hereby submits its memorandum of law regarding the Preliminary Order of Forfeiture.

Defendant Keys asserts that the forfeiture of his residence as required by statute would constitute an excessive fine and violate the Constitution. As the defendant acknowledges, criminal forfeiture is a mandatory aspect of criminal sentencing. "A person who is convicted of an offense under this chapter involving a visual depiction described in section 2251, 2251A, 2252, 2252A, or 2260 . . . *shall forfeit* to the United States such person's interest in . . . any property, real or personal, used or intended to be used to commit or to promote the commission of such offense." 18 U.S.C. § 2253(a) (emphasis added); *see e.g. United States v. Bieri*, 68 F.3d 232, 235 (8th Cir. 1995) (stating that under the "shall forfeit" language in 18 U.S.C. § 853(a), criminal forfeiture

is mandatory, not discretionary).

On June 17, 2004, the defendant was found guilty of Counts 1 and 2 of the Indictment. On the same date, the jury returned a Special Verdict forfeiting to the United States pursuant to 18 U.S.C. § 2253(a) various items of property, including the real property located at XXX XXX XXX, St. Paul, Minnesota ("the real property"). Criminal forfeitures are typically subject to the preponderance of the evidence standard. *See, e.g. United States v. Bieri*, 21 F.3d 819 (8th Cir. 1994). Criminal forfeitures for child pornography offenses, however, must be proven beyond a reasonable doubt. 18 U.S.C. § 2253(e). Here, the jury determined beyond a reasonable doubt that the real property was used to facilitate the offenses alleged in *both* Counts 1 and 2 of the Indictment.[1] The defendant has not challenged the underlying forfeitability of any of the property determined by the jury to be forfeitable.

Criminal forfeitures are subject to the limitations of the Eighth Amendment. The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. Amdt. 8. In *U.S. v. Bajakajian*, 524 U.S. 321 (1998), the Supreme Court articulated the

---

[1] On July 9, 2004, the government filed a motion for a preliminary order of forfeiture for the property the jury determined is subject to forfeiture. On October 26, 2004, this Court issued a Preliminary Order of Forfeiture with respect to a vehicle, a camera, a computer and various visual images. This Court has not yet ruled on the government's motion for a preliminary order of forfeiture for the real property located at 1109 Thorn Street, St. Paul, Minnesota.

standard for evaluating whether a criminal forfeiture violates the Excessive Fines Clause:

> The touchstone of the constitutional inquiry under the Excessive Fines Clause is proportionality: The amount of the forfeiture must bear some relationship to the gravity of the offense it is designed to punish. . . .We now hold that a punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense.

*Bajakajian*, 524 U.S. at 334. The Eighth Circuit "require[s] proof of 'gross disproportionality,' an excessiveness so great that 'the punishment is more criminal than the crime.'" *United States v. Premises Known as 6040 Wentworth Avenue South*, 123 F.3d 685, 689 (8th Cir. 1997), *citing United States v. Hines*, 88 F.3d 661, 664 (8th Cir. 1996). Given this exacting standard, "[a] successful proportionality challenge to criminal forfeiture will be a rare occasion." *United States v. Myers*, 21 F.3d 826, 830 (8th Cir. 1994); *Bieri*, 68 F.3d at 238.

In *United States v. Dodge Caravan SE/Sport Van*, 387 F.3d 758 (8th Cir. 2004), the Eighth Circuit recently reiterated the test for violations of the Excessive Fines Clause:

> In this circuit, we apply a two-pronged approach that first requires the claimant to "mak[e] a prima facie showing of 'gross dispropotionality.'" . . . If the claimant can make this showing, the court considers whether the disproportionality "reach[es] such a level that in justice the punishment is more criminal than the crime."

*Id.* at 763 (citations omitted).[2] Only after the claimant has made

---

[2]Although the *Dodge Caravan* case was a civil forfeiture proceeding, the Eighth Circuit has applied a similar analysis to civil and criminal forfeiture under the Excessive Fines Clause.

a showing of gross disproportionality will the government's evidence of "just proportionality" be considered.  *Premises Known as 6040 Wentworth Avenue*, 123 F.3d at 689.

The defendant has not made the required prima facie showing with respect to the real property at issue.  "[I]f the value of the property forfeited is within or near the permissible range of fines using the sentencing guidelines, the forfeiture almost certainly is not excessive."  *Dodge Caravan*, 387 F.3d at 763, *citing United States v. Sherman*, 262 F.3d 784, 795 (8th Cir. 2001); *United States v. Moyer*, 313 F.3d 1082, 1086 (8th Cir. 2002) (forfeiture which is within the fines range under the sentencing guidelines is "presumptively not excessive").

The forfeiture of the real property is presumptively valid because the value of the property to be forfeited is substantially below the maximum statutory fine, and well within the applicable fine range under the sentencing guidelines.  According to the Presentence Investigation, the real property is worth $280,000 based on property tax information.  PSI ¶55.  The PSI notes that there is a mortgage in the amount of $16,150 on the property.  Moreover, the defendant owns the property as a joint tenant with Noel Cashman.  Based on the figures contained in the PSI, the defendant's net equity in the property is at most $131,925 (i.e.

---

*See United States v. Premises Known as 6040 Wentworth Avenue South*, 123 F.3d 685, 688 (8th Cir. 1997) (rejecting argument that civil forfeiture cases and criminal forfeiture cases require different analyses under the Excessive Fines Clause).

one-half of the net equity of $263,850).

The actual value of the property, and the defendant's equity in the property, may in fact be lower. The government obtained a title search for the property before seeking criminal forfeiture of the property. *See* Affidavit of M. Jill Fedo, ¶2 and Ex. A. This report indicates that the defendant owns the property as a joint tenant with David N. Cashman; that Highland Bank has two separate mortgages on the property in the original amounts of $35,000 and $8,000; and that the property has an estimated market value of $129,700.00. *Id.* On November 30, 2004, the Ramsey County Department of Property Records and Revenue website listed the estimated market value for the property as $170.500.00, based on an assessment date of January 2, 2004. *Id.* ¶3 and Ex. B. In addition, as indicated in paragraph 57 of the PSI, the defendant filed for Chapter 7 bankruptcy in the District of Minnesota on June 14, 2004. In his bankruptcy filing, the defendant claimed an exemption of $115,000 for his interest in the real property. This figure was apparently derived from a claimed market value of $280,000.00, less a secured mortgage interest in the amount of $50,000.00, and reduced by 50% in light of the fact that the defendant owns the property as a joint tenant with Mr. Cashman. *Id.* ¶4 and Ex. C.

Whichever figures are used, however, the defendant's equity in the property is *at most* $131,925, and the forfeiture of his interest in the real property is not constitutionally excessive.

The maximum statutory fine, which under *Bajakajian* is an important consideration, is $250,000 for each of two counts of the Indictment upon which the defendant was convicted.  18 U.S.C. § 3571(b)(3). *See Bieri*, 68 F.3d at 238 ("it cannot be excessive in the constitutional sense to take tainted property from criminals when that property . . . is worth far less than the legislatively authorized statutory fines").  The fine range under the sentencing guidelines is between $17,500 and $175,000.  *See* USSG §5E1.2(c)(3). Even if the lower guidelines fine range is used in the analysis, the forfeiture of the real property is presumptively valid since the defendant's equity in the property is substantially less than $175,000.00.

Nor are other factors present here which would indicate that the forfeiture of the real property would be so excessive as to be more criminal than the crimes of conviction.  The Eighth Circuit has cited a non-exhaustive list of factors to be considered in assessing gross disproportionality, including "the extent and duration of the criminal conduct, the gravity of the offense weighed against the severity of the criminal sanction, and the value of the property forfeited."  *Dodge Caravan*, 387 F.3d at 763. Other "helpful inquiries" cited by the Court have included "an assessment of the personal benefit reaped by the defendant, the defendant's motive and culpability and, of course, the extent that the defendant's interest and the enterprise itself are tainted by the criminal conduct."  *Dodge Caravan*, 387 F.3d at 763.

The defendant has sought to minimize his offense by, for example, indicating that "only" twenty-seven visual images were found at the residence. The defendant argues that the facts here are less egregious than those presented in *United States v. Ownby*, 926 F.Supp. 558 (W.D.Va. 1996), *aff'd* 131 F.3d 138 (4th Cir. 1997) and *United States v. 1181 Waldorf Drive*, 900 F.Supp. 1167 (E.D.Mo. 1995), where the courts upheld the forfeiture of real property based on their involvement in child pornography offenses. To the contrary, in *Ownby* and *1181 Waldorf Drive*, the defendants' convictions were based on their receipt, possession and storage at their respective homes of various images of child pornography.[3] Here the defendant was not only charged with possession of child pornography (Count 2), but also with production of child pornography (Count 1).

In fact, the real property was integral to the offenses at issue. The defendant used the internet where he posed as a white male of college age. He then attempted to lure individuals to meet his "older friend Don," who was in actuality the defendant. The defendant then actively used the real property as a safe, secure and private location where he had sex with his victim on at least

---

[3]In *Ownby*, the defendant plead guilty to one count of receiving by computer an illegal visual depiction of a minor engaging in sexually explicit conduct, one count of transporting such an image by computer, and one count of possessing three or more matters containing such depictions. 926 F.Supp. at 558 n.1. In *1181 Waldorf Drive*, the defendant plead guilty to one count of receiving through interstate commerce materials containing visual depictions of minors engaged in sexually explicit conduct. 900 F.Supp. at 1168.

two occasions, and took photographs of the encounter on the second occasion.

Nor does the fact that the defendant owns the property as a joint tenant with another individual make the forfeiture excessive. The government is only seeking to forfeit the *defendant's* interest in the real property.  The co-owner of the property will have every opportunity to submit a third-party claim as part of the ancillary proceeding under 18 U.S.C. § 2253(m) and Rule 32.2(c), Fed. R. Crim. P.  It would appear that the co-owner had a vested interest in the property at the time of the illegal conduct at issue, and that he would therefore be entitled to recover his interest in the property under section 2253(m)(6)(A).

Courts have upheld forfeitures of real property based on child pornography offenses on several occasions.  *United States v. Ownby*, 926 F.Supp. 558 (W.D.Va. 1996); *United States v. 1181 Waldorf Drive*, 900 F.Supp. 1167 (E.D.Mo. 1995); *United States v. Young*, 2001 WL 1644658 (M.D.Ga. 2001).  In each of these cases, the courts rejected challenges based on the Excessive Fines Clause.  Moreover, the Eighth Circuit has upheld the forfeiture of real estate where, as here, the property was used to facilitate a criminal offense. *United States v. Sherman*, 262 F.3d 784, 795-96 (8th Cir. 2001) ("Our case law, however, makes clear that forfeiture of an entire parcel of real property is appropriate where part of the property was used to commit or facilitate a drug offense."); *United States v. Premises Known as 6040 Wentworth Avenue South*, 123 F.3d 685 (8th

Cir. 1997) (upholding forfeiture of real property used to facilitate the manufacture of marijuana); *United States v. Bieri*, 68 F.3d 232 (8th Cir. 1995) (reversing district court's order of no forfeiture, and remanding with direction to district court to enter order forfeiting farm used to facilitate commission of drug offenses).

In light of the above, the defendant has not met his burden of establishing that the forfeiture of his interest in the real property would constitute an excessive fine. This Court should enter a preliminary order of forfeiture with respect to the real property, and the forfeiture of the real property and the other property contained in the preliminary order of forfeiture that has already been entered should be included in the defendant's sentence. *See* Rule 32.2(b)(3), Fed. R. Crim. P. (the preliminary order of forfeiture "must be made a part of the sentence and be included in the judgment").

The Excessive Fines Clause would not, at any rate, be a justification for failing to impose any forfeiture at all with respect to the real property. The jury has determined beyond a reasonable doubt that the property facilitated defendant's criminal conduct, and the defendant has not challenged that finding. Even if this Court were to find an Eighth Amendment violation, the forfeiture of the real property could be mitigated only to the extent necessary to avoid a constitutional violation. *See, e.g. United States v. U.S. Currency in the Amount of $119,984.00*, 304

F.3d 165, 175 n.7 (2d Cir. 2002) (noting that *Bajakajian* does not bar forfeiture of some amount less than 100 percent of the seized currency but greater than zero when there is no connection to other illegal activity)*; United States v. Real Property Located in El Dorado County*, 59 F.3d 974, 986-87 (9th Cir. 1995) (the court must limit a civil forfeiture to an appropriate portion of the asset to avoid an Eighth Amendment violation).

Dated: 12/3/04

Respectfully submitted,

THOMAS B. HEFFELFINGER
United States Attorney

S/ Tracy Braun for

BY: JAMES S. ALEXANDER
Assistant U.S. Attorney
Attorney ID No. 166145

S/ Tracy T. Braun
BY: TRACY T. BRAUN
Assistant U.S. Attorney
Attorney ID No. 24143X