UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**UNITED STATES OF AMERICA**
           **Plaintiff**

v.                                                       Case Number: 04-31(1)(DSD/SRN)

                                                         USM Number: 11426-041
                                                         Social Security Number: 2433
                                                         Date of Birth: 1945

**Donald Leonard Keys**
           **Defendant**
                                                         Earl P. Gray

                                                         Defendant's Attorney

_____

JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

**THE DEFENDANT** was found guilty on counts 1 and 2 of the Indictment after a plea of not guilty.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC 2251(a) & (d) | Production of child pornography | July 2001 | 1 |
| 18 USC 2251(a)(4) & (b)(2) | Possession of child pornography | April 22, 2003 | 2 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Preliminary order of forfeiture filed on 10/26/2004 as to Counts 1 and 2.

Final order of forfeiture as to Counts 1 and 2 forthcoming.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

                                                         Date of Imposition of Sentence:

                                                         December 6, 2004

                                                         s/ David S. Doty
                                                         Senior United States District Judge

                                                         December 6, 2004

Defendant: Donald Leonard Keys   Page 2 of 6
Case Number: 04-31(1)(DSD/SRN)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **180 months. This term consists of 180 months on Count 1 and 120 months on Count 2 to be served concurrently**.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons as notified by the Probation or Pretrial Services Office.

## ACKNOWLEDGMENT OF RECEIPT

I hereby acknowledge receipt of a copy of this judgment this ____ day of _____, _____

_____
Signature of Defendant

## RETURN

It is hereby acknowledged that the defendant was delivered on the ____ day of _____, _____ to _____, with a certified copy of this judgment.

_____
UNITED STATES WARDEN

By:_____

**NOTE: The following certificate must also be completed if the defendant has not signed the Acknowledgment of Receipt , above.**

## CERTIFICATE

It is hereby certified that a copy of this judgment was served upon the defendant this ____ day of _____, _____

_____
UNITED STATES WARDEN

By:_____

Defendant: Donald Leonard Keys                                                                                              Page 3 of 6
Case Number: 04-31(1)(DSD/SRN)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **5 years. This term consists of 5 years on Count 1 and 3 years on Count 2 to be served concurrently.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;
2. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support his or her dependents and meet other family responsibilities;
5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Defendant: Donald Leonard Keys    Page 4 of 6
Case Number: 04-31(1)(DSD/SRN)

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall not seek licensure in any social service area or hold employment that places defendant in a social service position or hold any position, paid or volunteer, in a social service agency, public or private, without prior written approval of the probation officer.

2. The defendant shall provide the probation officer access to any requested financial information, including credit reports, credit card bills, bank statements and telephone bills..

3. The defendant shall register with the state sex offender registration agency in any state where the defendant resides, is employed, carries on a vocation, or is a student, as directed by the probation officer. The probation officer will provide the state officials with any and all information, including substance abuse and mental health treatment records, required by the state sex offender registration agency. The probation officer may direct the defendant to report to that agency personally for additional processing, such as photographing, fingerprinting, and providing a blood sample for DNA record.

4. The defendant shall not associate with persons under the age of 18 except in the presence of a responsible adult who is aware of the nature of the defendant's background and current offense and who has been approved by the probation officer.

5. The defendant shall participate in sex offender and/or mental health treatment as approved by the probation officer and shall submit to risk assessment which may include but is not limited to arousal screening, penile plethysmographing, and clinical polygraphing. Sex offender assessments and treatment are to be conducted by a therapist approved in advance by the probation office.

6. The defendant shall refrain from accessing that matter which relates to the activity in which the defendant was engaging in committing the instant offense behavior, namely child pornography.

7. The defendant shall not possess or use a computer or other electronic device with access to any on-line computer service without prior written approval of the U.S. Probation Office. This includes any Internet service provider, bulletin board system, or any other private computer network.

8. Because the instant offense is not drug related and the defendant does not have a history of drug abuse, the defendant is not required to undergo mandatory drug testing as set forth by 18 U.S.C. §§ 3563(a) and 3583(d).

9. The defendant shall cooperate in the collection of DNA as approved by the probation officer <u>and mandated pursuant to 18 U.S.C. §§ 3563(a) and 3583(d).</u>

Defendant: Donald Leonard Keys                                                                                              Page 5 of 6
Case Number: 04-31(1)(DSD/SRN)

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $200.00 |  | $1,000.00 |

### FINE

No fine imposed.

### RESTITUTION

Restitution in the amount of **$1,000.00** is hereby ordered. The defendant shall make restitution to the following payees in the amounts listed below. Interest is waived.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Craig & Georgia Boehlke Woodbury, MN | Amount of Loss | $1,000.00 | Priority Order/Percentage |
| **Totals** |  | $1,000.00 |  |

Payments are to be made payable to the Clerk, U.S. District Court, for disbursement to the victim.

**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

Defendant: Donald Leonard Keys Page 6 of 6
Case Number: 04-31(1)(DSD/SRN)

**SCHEDULE OF PAYMENTS**

Having assessed the defendant's ability to pay; payment of the total criminal monetary penalties shall be due as follows:

      The defendant shall pay the special assessment in the amount of $200.

      Special instructions regarding the payment of criminal monetary penalties:

      If victim discovers further losses, the victim shall have 60 days after discovery in which to petition the court for an amended restitution order.  Such order may be granted only upon a showing of good cause for failure to include the losses in the initial claim for restitution.  The victim's losses shall be finally determined no later than 90 days from today.

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

The defendant shall inform the probation officer of any change in his or her economic circumstances affecting the ability to make monthly installments, or increase the monthly payment amount, as ordered by the court.  In the event a defendant is able to make a full or substantial payment toward the remaining criminal monetary penalty, he or she shall do so immediately.

The defendant is restrained from transferring any real or personal property, unless it is necessary to liquidate and apply the proceeds of such property as full or partial payment of the criminal monetary penalty.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.   The defendant shall forfeit the defendant's interest in the following property to the United States: