UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 04-31(DSD/SRN)
Civil No. 05-2813(DSD)

United States of America,

        Plaintiff,

v.                                **ORDER**

Donald Leonard Keys,

        Defendant.


This matter is before the court upon defendant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Based upon a review of the file, record and proceedings herein, defendant's motion is denied.


**BACKGROUND**

On June 17, 2004, a jury convicted defendant Donald L. Keys of producing and possessing child pornography, in violation of 18 U.S.C. §§ 2251 and 2252 respectively. On December 6, 2004, the court granted defendant's motion for a downward departure from the advisory guideline range of 235 to 293 months imprisonment and sentenced defendant to a term of 180 months imprisonment on the production count and a concurrent 120-month term of imprisonment on the possession count. Defendant did not appeal his conviction or sentence. On December 13, 2004, the court granted in part and denied in part the government's motion for an order of forfeiture,

holding that forfeiture of defendant's home would be an excessive fine within the meaning of the Eighth Amendment. The government appealed the court's forfeiture order on January 5, 2005. That appeal was ultimately dismissed upon the parties' stipulation. On January 17, 2005, defendant voluntarily turned himself in to the custody of the Bureau of Prisons. On December 8, 2005, defendant filed a pro se motion pursuant to 28 U.S.C. § 2255 to vacate his conviction and sentence, arguing that he received ineffective assistance of counsel during the course of his trial and when his attorney failed to file a direct appeal on his behalf.

In an order dated July 7, 2006, the court determined that defendant's allegations regarding the effectiveness of his attorney during trial could be resolved without an evidentiary hearing. However, the court found the record to be insufficient to determine whether defendant was entitled to relief on his claim that his attorney failed to file a direct appeal. Accordingly, the court appointed defendant new counsel to supplement the record regarding that claim and to schedule an evidentiary hearing on that issue. On December 21, 2006, the court held an evidentiary hearing on the issue of whether the failure to file an appeal constitutes ineffective assistance of counsel.

**DISCUSSION**

Section 2255 provides a person in federal custody a limited opportunity to collaterally challenge the constitutionality, legality or jurisdictional basis of a conviction or sentence. 28 U.S.C. § 2255; United States v. Addonizio, 442 U.S. 178, 185 (1979). Collateral relief is considered an extraordinary remedy. Bousley v. United States, 523 U.S. 614, 621 (1998). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). Defendant's claim that he received ineffective assistance of counsel is properly raised in a § 2255 motion. United States v. Ramirez-Hernandez, 449 F.3d 824, 826-27 (8th Cir. 2006); United States v. Martinez-Cruz, 186 F.3d 1102, 1105 (8th Cir. 1999).

To establish a claim of ineffective assistance, defendant must meet both prongs of the test set forth in Strickland v. Washington, 466 U.S. 668, 694 (1984). See Anderson v. United States, 393 F.3d 749, 753 (8th Cir. 2005). First, defendant must show that his counsel's performance was so deficient that it fell below the level of representation guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 687. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional

assistance," and the court reviews counsel's performance with significant deference. <u>Id.</u> at 689. The court will not "second-guess trial strategy or rely on the benefit of hindsight." <u>Williams v. United States</u>, 452 F.3d 1009, 1013 (8th Cir. 2006). In reviewing counsel's performance the court does not ask whether counsel's decisions were "correct or wise," but determines whether the decision "was an unreasonable one which only an incompetent attorney would adopt." <u>United States v. Flynn</u>, 87 F.3d 996, 1001 (8th Cir. 1996) (internal quotations omitted).

Second, defendant must establish prejudice by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." <u>Strickland</u>, 466 U.S. at 694. Defendant has the burden to prove that he likely would have prevailed on the issues had they been properly presented by his attorney. <u>Anderson</u>, 393 F.3d at 753-54.

Defendant argues that he received ineffective assistance of counsel during the course of trial and after sentencing when his attorney did not file a direct appeal on his behalf. The court addresses each argument in turn.

**I.   Counsel's Trial Performance**

Defendant identifies a multitude of alleged errors in his attorney's trial performance.[1]  The court has reviewed all of

---

[1]   Specifically, defendant alleges that his attorney (1) suffered a back injury that impaired his ability to
(continued...)

defendant's allegations and concludes that they lack merit. Contrary to defendant's allegations, the court found defense counsel's performance during trial to be consistent with defendant's statement to the court at sentencing: that his attorney did "an excellent job of representing [him]." (See Sentencing Tr. at 7.) Defense counsel filed numerous pretrial motions on defendant's behalf and objected to the magistrate judge's recommendation that those motions be denied, filed motions in limine, actively represented defendant throughout his three-day trial and effectively advocated a substantial downward departure at sentencing. For the sake of thoroughness, however, the court will address the merits of defendant's allegations.

---

[1](...continued)
concentrate; (2) was aware defendant was taking Prozac and Tylenol PM and that those medications negatively affected defendant's ability to assist at trial, decision to testify, concentration and understanding of his appellate rights; (3) failed to assess whether the jury panel knew the parents of one of the prosecutor's witnesses during voir dire; (4) did not obtain complete copies of the texts of internet chat room conversations the government admitted into evidence; (5) did not sufficiently challenge the use of interstate commerce in light of United States v. Maxwell, 386 F.3d 1042 (11th Cir. 2004); (6) inadequately cross-examined one of the government's witnesses regarding credibility, acts of enticement and whether the victim initiated any of the offense conduct; (7) failed to object to a comment made by the victim in the jury's presence; (8) failed to object to the government's display of inflammatory photographic images during the testimony of the victim; (9) failed to object to the government's use of facts that were based on a chat room text and referenced those facts during a cross-examination; (10) failed to adequately cross-examine the victim regarding his date of birth and adoption; (11) failed to challenge the authenticity of the victim's birth certificate and (12) insufficiently comprehended the technology relevant to digital imagery and internet use.

As to the alleged back injury, the trial record is devoid of any evidence that defendant's attorney suffered from an injury severe enough to render his representation constitutionally deficient. Counsel never advised the court that he was suffering from a debilitating back injury, nor did the court observe any impairment in counsel's representation that could objectively be traced to a back injury. Therefore, defendant's allegations regarding his attorney's back injury do not establish that his attorney's representation was deficient or prejudiced him. Cf. United States v. Flynn, 87 F.3d 996, 1002-03 (8th Cir. 1996).

As to defendant's use of medication, trial counsel is only required to make a reasonable investigation under the circumstances regarding a defendant's mental condition. See Vogt v. United States, 88 F.3d 587, 592 (8th Cir. 1996) (failure to request competency hearing not ineffective assistance when defendant's demeanor during trial and observations of defendant would not trigger a reasonable attorney to question competency). However, according to defendant, his attorney engaged in multiple conversations with him regarding his depression and medical history, the side effects of his medications and his ability to recall information and concentrate. (See Supp. Resp. at 4.) Defendant has failed to establish how his attorney's numerous inquiries into his mental health were insufficient. Based on the court's observation of defendant throughout trial and defendant's

acknowledgment that his attorney discussed his mental state with him, defendant's allegation that his attorney failed to account for defendant's use of Tylenol PM and Prozac does not support a claim of ineffective assistance of counsel.

Counsel's failure to ask on voir dire whether any of the jurors knew the father of one of the government's witnesses was not unreasonable. Moreover, even if it was objectively unreasonable not to make that inquiry, defendant has failed to establish how a jury member who knew the father of the witness would have been biased, or how selection of such a jury member resulted in prejudice. See White v. Luebbers, 307 F.3d 722, 728-29 (8th Cir. 2002) (failure to establish prejudice as a result of voir dire dispositive); Johnson v. Norris, 207 F.3d 515, 521 (8th Cir. 2000) (same). Therefore, the failure to ask that question during voir dire does not constitute ineffective assistance of counsel.

Regarding his attorney's failure to challenge the use of interstate commerce in light of United States v. Maxwell, his attorney could not have relied upon the Maxwell decision in presenting his defense because the Eleventh Circuit issued that opinion on October 1, 2004. See 386 F.3d 1042 (11th Cir. 2004), vacated by 126 S. Ct. 321 (2005) (mem.). Further, that opinion was subsequently vacated by the Supreme Court and, on remand, the Eleventh Circuit held that Congress has the authority to regulate and criminalize local and wholly intrastate production and

7

possession of child pornography. <u>United States v. Maxwell</u>, 446 F.3d 1210, 1219 (11th Cir. 2006). Therefore, his attorney's failure to rely on the <u>Maxwell</u> decision did not result in ineffective assistance of counsel.

As to the substance of counsel's cross-examination of government witnesses, which included the victim and a forensic examiner, those cross-examinations were not "constitutionally infirm." <u>Henderson v. Norris</u>, 118 F.3d 1283, 1287 (8th Cir. 1997); <u>see also</u> <u>United States v. Villalpando</u>, 259 F.3d 934, 939 (8th Cir. 2001) (cross-examination techniques are matters of trial strategy entrusted to the professional discretion of counsel); <u>Willis v. United States</u>, 87 F.3d 1004, 1006 (8th Cir. 1996). Therefore, plaintiff's claim of ineffective assistance of counsel based on his attorney's cross-examinations fails.

The remainder of defendant's allegations relate to his attorney's trial strategy. Defendant is unable to overcome the strong presumption that his attorney's challenged actions fall within the wide range of reasonable professional assistance. <u>See</u> <u>Garret v. United States</u>, 78 F.3d 1296, 1304 (8th Cir. 1996) (prosecutor's conduct and statements "not so egregious or patently inflammatory" that they mandated objection); <u>Seehan v. State of Iowa</u>, 72 F.3d 607, 612 (8th Cir. 1995) (en banc) (decision not to object to prosecutorial conduct and statements may be sound trial strategy); <u>cf.</u> <u>Strickland</u>, 466 U.S. at 688 ("strategic choices made

after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable"). Presuming competence in defendant's attorney, the court concludes that the challenged decisions were not unreasonable decisions that "only an incompetent attorney would adopt." Flynn, 87 F.3d at 1001. Moreover, given the weight of the evidence against defendant, the court finds that there is not a reasonable probability that but for the challenged conduct the result of defendant's trial would have been different. Therefore, the remainder of the challenged conduct does not satisfy either prong of the Strickland test.

Lastly, defendant has failed to identify with any specificity how his attorney's alleged inability to comprehend technology relevant to digital imagery and the internet rendered his counsel's representation constitutionally deficient or prejudiced defendant. To the contrary, the court found counsel's cross-examination of the government's expert witness and references to the relevant technology appropriate. Therefore, this allegation also does not satisfy either prong of the Strickland test and may not be the basis for defendant's ineffective assistance of counsel claim.

For all the foregoing reasons, the court will not vacate or set aside defendant's sentence or conviction on the ground that he received ineffective assistance of counsel during trial.

**II.   Failure to File Direct Appeal**

Defendant argues that his attorney was ineffective by failing to file a notice of appeal within ten days of sentencing and failing to consult with defendant about his right to file a cross-appeal pursuant to Federal Rule of Appellate Procedure 4 following the government's filing of its notice of appeal on January 5, 2005.[2]  According to defendant, he was not aware that he had a second opportunity to file an appeal and if he had been aware of that opportunity he would have told his attorney to file an appeal.

**A.   Legal Standard**

It is well established that an attorney's "'failure to file a notice of appeal when so instructed by the client constitutes ineffective assistance of counsel for the purpose of § 2255.'" Yodprasit v. United States, 294 F.3d 966, 969 (8th Cir. 2002) (quoting Estes v. United States, 883 F.2d 645, 648 (8th Cir. 1989)).  A defendant need not show actual prejudice or likelihood of success on appeal to succeed on such a claim.  Holloway v. United States, 960 F.2d 1348, 1356-57 (8th Cir. 1992).  Defendant must, however, establish that "he made his desire to appeal evident to his attorney."  Yodprasit, 294 F.3d at 969.  A bare assertion

---

[2] "In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of:
   (i) the entry of either the judgment or the order being appealed; or
   (ii) the filing of the government's notice of appeal."
Fed. R. App. P. 4(b)(1)(A).

that an appeal was requested does not suffice.  A defendant's right to an appeal "does not depend upon a request, but the desire to appeal must be manifest."  Barger v. United States, 204 F.3d 1180, 1182 (8th Cir. 2000) (internal quotations omitted).

When a defendant does not expressly instruct an attorney to file an appeal, an attorney "has a constitutionally imposed duty to consult with the defendant about an appeal" if there is reason to think "that a rational defendant would want to appeal" or the "particular defendant reasonably demonstrated to counsel that he was interested in appealing."  Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000); see also Green v. United States, 323 F.3d 1100, 1103 (8th Cir. 2003).  "Consult" in this context means to advise the defendant of the advantages and disadvantages of appealing and make a reasonable effort to determine his wishes.  Flores-Ortega, 528 U.S. at 478.  The court looks to the totality of the circumstances and takes into account all the information counsel knew, or should have known, to determine whether there was an obligation to consult.  Id. at 480.  If a sentencing court's instructions regarding a defendant's appeal rights are clear and informative, in certain circumstances those instructions may substitute for counsel's duty to consult.  Id. at 479-80.  Once counsel consults with a defendant about his right to appeal, his subsequent

11

performance is professionally unreasonable only if he fails "to follow the defendant's express instructions with respect to an appeal." Id.

   **B.  Relevant Facts**

At the evidentiary hearing, defendant's trial attorney testified that prior to sentencing he explained to defendant what an appeal entailed and his right to appeal various aspects of the litigation, including suppression and evidentiary rulings. At the time defendant was sentenced, he was suffering from depression and was on medication.  At sentencing, the court expressly advised defendant that he had ten days from the date of the sentencing hearing to file a notice of appeal, that he was to talk to his attorney regarding whether he wanted to file an appeal and that he would lose his right to appeal if he did not act within ten days. (Sentencing Tr. at 20.)  When the court asked if defendant understood, he answered "yes."  (Id.) Immediately following sentencing, defendant and his attorney discussed briefly whether defendant wanted to appeal.  According to his attorney, his attorney encouraged defendant to file an appeal and informed him that the government may appeal the forfeiture issue.  Despite his attorney's advice, defendant told his attorney that he did not want to file an appeal.

Defendant did not testify that he requested his attorney to file an appeal during the conversation following his sentencing.

According to defendant, his attorney gave him an application to proceed in forma pauperis ("IFP") on appeal and instructed him to complete the application and return it. Defendant claims that he returned the completed IFP application to an unidentified lady working at his attorney's office a few days after sentencing. Defendant did not make copies of that form or in any way directly follow up with or contact his attorney regarding an appeal on his behalf. His attorney testified that he never received the document, and that if he had received an application to proceed on appeal in forma pauperis he would have immediately contacted defendant and filed a notice of appeal.

On January 5, 2005, the government filed its notice of appeal. Defendant was not aware that he had a right to file an appeal within ten days from the date the government filed its notice. His attorney did not advise defendant of this right and testified that he was not aware of the right. At some point in January 2005, defendant's attorney informed defendant's domestic partner that he had not received an IFP application, and defendant completed an IFP form and had his partner return it to his attorney. Defendant testified that he thought an appeal was proceeding on his behalf, but that he never followed up with his attorney directly about an appeal. According to defendant, if his attorney had discussed with him the opportunity to file an appeal in January 2005, defendant would have instructed his attorney to file a cross-appeal.

On November 3, 2005, defendant's trial counsel wrote to defendant and explained that the purpose of the requested affidavit of indigency was so that his trial counsel could represent defendant in the government's appeal of the forfeiture order. (Keys Aff. Ex. 5.) His attorney further explained that the government never received permission from the Department of Justice to appeal, and therefore the affidavit of indigency was never used and the government's appeal dismissed. (Id.) His attorney informed defendant that not pursuing a direct appeal limited the manner in which he could challenge his conviction.

**C. Analysis**

Based upon the information contained in the affidavits and the testimony and evidence introduced at the evidentiary hearing, (see Gov. Ex. 1,) the court finds that the facts of this case do not give rise to an ineffective assistance of counsel claim. As to the failure to file an appeal within ten days of sentencing, it is undisputed that defendant's attorney talked to him about his right to appeal before and immediately following sentencing and even encouraged him to appeal. Further, this conversation occurred immediately after defendant told the court that he understood his right to appeal and his obligation to file a notice of appeal within ten days. On these facts, the court readily concludes that counsel fulfilled his obligation to "consult" with defendant regarding his right to appeal within ten days of sentencing.

Following such consultation, counsel's performance can be deemed professionally unreasonable "only by failing to follow the defendant's express instructions with respect to an appeal." Flores-Ortega, 528 U.S. at 478. Defendant has proffered no evidence that he expressly instructed his attorney to appeal. At most, defendant testified that at some point he dropped off an application with an individual at his attorney's office to proceed in forma pauperis on appeal. However, the court finds no reason to doubt the credibility of defendant's attorney, who testified that he never received any such application and that if he had he would have immediately contacted defendant and filed a notice of appeal. For these reasons, defendant's claim for ineffective assistance of counsel based on his attorney not filing a notice of appeal within ten days of sentencing fails.

As to defendant's second argument, defendant's attorney did not have a per se obligation to consult with him once the government filed its notice of appeal. Defendant has cited no legal authority that would require, for purposes of the Sixth Amendment's guarantee of counsel, an attorney to consult with a defendant about filing an appeal each time a government appeals under Federal Rule of Appellate Procedure 4(b)(1)(B). The Supreme Court has rejected the notion that the Constitution imposes a per se rule that defense counsel consult with defendants regarding their appeal rights. See Flores-Ortega, 528 U.S. at 478. The

Sixth Amendment guarantees a criminal defendant only a right to "'reasonably effective' legal assistance." Id. (quoting Strickland, 466 U.S. at 687). Therefore, defendant's attorney was not obligated to consult with defendant merely because the government filed a notice of appeal in order to provide defendant reasonably effective legal assistance.

Further, if any such obligation did exist under the Sixth Amendment's guarantee of reasonably effective counsel — which the court does not hold — it could only be triggered under the standard established by the Supreme Court in Roe v. Flores-Ortega. See 528 U.S. at 480. Under that standard, defense counsel could at most have an obligation to consult with a defendant if there was reason to believe that a rational person in defendant's situation would want to appeal following the government's appeal or the defendant reasonably demonstrated an interest in cross-appealing in the event the government appealed. See id.

Defendant argues that his attorney had an obligation to consult with him about his appellate rights, a second time, based on defendant's state of depression and use of medication at the time of sentencing and the brevity of the discussion following sentencing. Defendant also emphasizes the substantial likelihood that he would have wanted to appeal if he had been consulted again and the fact that his attorney was not aware of defendant's right

16

to file an appeal subsequent to the filing of a government appeal. However, the court finds that after defendant expressly told his attorney not to file an appeal nothing occurred that would have reasonably triggered his attorney to become aware that defendant would change his mind if the government appealed. Rather, the court finds that the only person who evinced any desire for defendant to appeal following the sentencing hearing was his attorney. "A defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." Flores-Ortega, 528 U.S. at 477. Defendant's misunderstanding regarding the purpose of the IFP application and the fact that it was only the government that appealed did not trigger an obligation for his attorney to consult with him about filing a cross-appeal. Therefore, defendant's claim of ineffective assistance of counsel based on his attorney's failure to consult or file an appeal under Federal Rule of Appellate Procedure 4(b)(1)(A)(ii) fails.[3]

For all the above reasons, defendant has not established that his attorney failed to consult with him regarding his right to appeal following sentencing or failed to file a notice of appeal that he expressly requested. Further, trial counsel did not have

---

[3] Accordingly, that defendant's attorney was not subjectively aware of the right to file a cross-appeal is without significance in this case because, regardless, nothing occurred to trigger an obligation to consult under the standard set forth in Roe v. Flores-Ortega, 528 U.S. 470 (2000).

an obligation to consult with defendant following the government's filing of an appeal.  Therefore, defendant has not established that he received ineffective assistance of counsel in violation of the Sixth Amendment, and the court will not vacate his conviction or sentence on that ground.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to vacate, set aside or correct sentence [Docket No. 80] is denied, and

2. Defendant's application to proceed in forma pauperis [Docket No. 82] is denied as moot.


Dated:  January 10, 2007

                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court